**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Ray Funk,<br><br>  Plaintiff,<br><br>v.<br><br>Centurion Medical, et al.,<br><br>  Defendants. | No. CV-19-00426-TUC-DCB<br><br>**ORDER** |

Plaintiff is a pro se prisoner who has filed an action alleging civil rights violations. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) (exempting from Rule 26 initial disclosure requirements actions brought without an attorney by a person in custody); LRCiv. 16.2(b)(2)(B) (setting case management deadlines for cases designated on the detainee track). The following Scheduling Order, entered pursuant to Fed.R.Civ.P. 16, shall govern the course of this action:

**IT IS ORDERED** that the parties abide by the following:

1. **Any motion for summary judgment regarding exhaustion of administrative remedies shall be filed within 60 days of the filing date of this Order.** *Albino v. Baca,* 747 F.3d 1162 (9th Cir. 2014). If such a motion is filed by that date, discovery is stayed and the deadlines set in this scheduling order are continued to begin running from the date the motion for summary judgment is resolved. Alternatively, if no such motion is filed by that date, the deadlines commence immediately.

2. The deadline for disclosure of all lay and expert witnesses is: **120 days from the**

**filing date of this Order or 120 days from the filing date of the Order resolving any motion for summary judgment regarding exhaustion.**

      3.   All discovery shall be completed by: **150 days from the filing date of this Order or 150 days from the filing date of the Order resolving any motion for summary judgment regarding exhaustion**. Parties are reminded that they are not to file the actual disclosures with the Court, just the notices of disclosure.

      In the event of a dispute over discovery matters, parties are cautioned to first engage in personal consultation regarding the dispute and to make a sincere effort to resolve the conflict. The parties should act to resolve discovery disputes quickly. The moving party must certify that after consultation, the parties have been unable to resolve the matter. LRCiv. 7.2(j).

      4.   Dispositive motions, other than the exhaustion motion, shall be filed by: **30 days from the end of discovery.**

      Motions, including dispositive motions, shall be set for oral argument, if requested by counsel, and at the discretion of the Court. A party desiring oral argument on a motion shall request argument by placing "Oral Argument Requested" immediately below the title of the motion or response, pursuant to LR Civ. 7.2(f). The Court will set oral argument accordingly.

      When any pleadings or memoranda are appended with more than one exhibit, the exhibits shall be divided by tabbed dividers, and there shall be a table of contents for the exhibits. All documents shall be secured on the left-hand side either by a staple or in some other fashion so that pages can be turned without the document falling apart. This applies to an original filed under seal and all copies. JUDGE'S COURTESY COPIES ARE REQUIRED, which "**shall reference[] the specific document number, [and] shall be printed directly from CM/ECF."** See LR Civ. 5.4; Administrative Policies and Procedures Manual § II.D (emphasis added).

1    Pursuant to LR Civ. 7.2(i), failing to file the requisite responsive memorandum or failing to appear at oral argument may be deemed a consent to the granting or denial of any motion, and the Court may dispose of the motion summarily.

5. The parties shall file their joint proposed pretrial order by: **30 days from the close of discovery or, if a dispositive motion is filed, 30 days from the filing date of the Order resolving the dispositive motion**.

6. The pretrial conference will be set upon receipt of the joint proposed pretrial order.  The parties responsible for trial of the lawsuit shall appear and participate in the Pretrial Conference.  At the pretrial conference the Court will set the deadlines for filing and disposing of the following matters: proposed voir dire, jury instructions, trial memorandum, deposition testimony to be used at trial, and motions in limine.

7. A jury demand has been made.

8. Court imposed discovery deadlines cannot be extended by a party without Court approval.  Continuances will not be freely granted.  Any requests for extensions must be made in writing and made prior to the expiration of the time prescribed.  The request must identify whether it is opposed, the number of prior continuances requested, the discovery conducted to date, the anticipated discovery to be done if the request is granted, and the reasons why discovery has not been completed within the deadline.

9. Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable.    Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal.  Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

///

///

///

**IT IS FURTHER ORDERED** that in the event a Motion for Summary Judgment regarding exhaustion is filed, it is the responsibility of the parties to track the alternative case management deadlines as continued, herein.

Dated this 23rd day of October, 2020.

*[signature]*

David C. Bury
United States District Judge
