**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Ray Funk,<br><br>        Plaintiff,<br><br>v.<br><br>Centurion Medical, et al.,<br><br>        Defendants. | No. CV-19-00426-TUC-DCB<br><br>**ORDER** |

    On September 1, 2021, the Plaintiff filed a Motion for Declaratory Judgment, which is fully briefed because a Response has been filed by the Defendants. Plaintiff has not filed a Reply, but a reply is optional. The Court will resolve the Plaintiff's motion simultaneously with its resolution of the Defendants' dispositive motion, which was filed on November 10, 2021. Because the Plaintiff proceeds pro se, the Court issued an Order explaining the significance of the dispositive motion and need for the Plaintiff to file a Response. The Court set the deadline for the Response to be December 27, 2021. On December 28, 2021, the Plaintiff filed a Motion for an Extension of Time and Request for Discovery. (Doc. 67.)[1]

    Discovery closed on September 30, 2021, which was 150 days after the Court ruled denying in part and granting in part a dispositive motion from the Defendants challenging Plaintiff's claims for his failure to exhaust administrative relief. (Order (Doc. 47.) On July 27, 2021, the Court granted Plaintiff's Motion to Serve Interrogatories and denied a Motion

---

[1] The Court treats the motion as filed on the 27.th The Plaintiff would have filed it on December 27, 2021 but the Unit Librarian was on vacation.

for Subpoena. (Order (Doc. 56)). The Court ordered the Defendants to answer or object to the interrogatories, which they did on October 14, 2021. (Notice of Service of Discovery (Doc. 62)). Following the close of discovery, the Defendants filed a Motion for Summary Judgement, with the Response due by December 27, 2021. The Motion for an Extension for Discovery and Response does not identify what discovery the Plaintiff believes is necessary to enable him to file the Response and does not explain why the discovery was not completed within the time allowed for discovery.

After the Court issues a scheduling order, the "schedule may be modified only for good cause and with the judge's consent." Rule 16(b)(4), Fed. R. Civ. P. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. ("carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief").

Here, the scheduling Order issued on October 23, 2020, and set discovery to end 150 days after resolution of any dispositive motion addressing exhaustion, which occurred on April 30, 2021. The dispositive motions deadline passed 30 days later. (Order (Doc. 33)). Plaintiff's request for additional discovery does not mention that discovery is closed; fails to address why discovery was not completed in the time allowed, and fails to identify the discovery he needs to prepare the Response to the Defendants' Motion for Summary Judgment. Federal courts deny extension requests brought on the eve of the close of discovery. *See ACS Int'l Prod. LP v. State Auto. Mut. Ins. Co*., 2021 WL 2805589, at *2 (D. Ariz. July 6, 2021); *United States ex rel. Gohil v. Sanofi U.S. Services Inc*., 2020 WL 1888966, at *4 (E.D. Pa. Apr. 16, 2020) (collecting cases and holding "district court is well within its discretion when it denies untimely discovery requests that could have been made at an earlier date"). The Court denies the Plaintiff's request for additional discovery because the time for conducting discovery has ended and the Plaintiff fails to show good cause for any further discovery in the face of his total lack of diligence in completing it.

The Court will allow the Plaintiff an extension of time to file the Response to the Defendant's Motion for Summary Judgment.

**Accordingly,**

**IT IS ORDERED** that the Motion for Extension of Time (Doc. 68) is GRANTED IN PART AND DENIED IN PART: the request for additional discovery is DENIED and the deadline for filing the Response to the Defendants' Motion for Summary Judgment is extended to January 31, 2022. NO FURTHER EXTENSIONS OF TIME SHALL BE GRANTED.

Dated this 12th day of January, 2022.

Honorable David C. Bury
United States District Judge